# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Mullins Jr., | Case No. 23-cv-1855 (JWB/DTS) |
| Plaintiff, | |
| | **ORDER & REPORT AND RECOMMENDATION** |
| v. | |
| Dr. Mark Morgan, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Gary Mullins Jr. sued the United States and several individuals employed by the Federal Bureau of Prisons alleging state law medical malpractice under the Federal Tort Claims Act (FTCA) and constitutional violations under *Bivens*. Dkt. No. 11. The United States moves to dismiss, or in the alternative, for summary judgment on the FTCA claim, arguing Plaintiff's failure to provide expert affidavits required by Minnesota Statute § 145.682 demands "mandatory dismissal with prejudice." Dkt. No. 26. Plaintiff opposes the motion, believing he does not need expert testimony because Defendants' alleged negligence is within the common knowledge of a layperson. Dkt. No. 32. However, Plaintiff also requests a Court Order clarifying whether expert testimony is required, and if so, seeks an extension of time to obtain such testimony. Dkt. No. 42. The Court agrees that certain allegations supporting Plaintiff's FTCA claim do not require testimony and finds Plaintiff's failure to obtain expert affidavits excusable for the remaining allegations. Therefore, the Court grants Plaintiff's request for an extension of time to obtain expert

affidavits and recommends denying the United States' motion to dismiss or for summary judgment.

## BACKGROUND

### I.   Factual Allegations

Plaintiff alleges he injured himself falling out of his bunk at FMC-Rochester on January 11, 2020. Dkt. No. 11 ¶ 12. That evening, a physician at FMC-Rochester placed seven staples in Plaintiff's forehead, closing a wound above his left eye. *Id.* ¶¶ 13-15. According to Plaintiff, this number of staples was documented in his medical records. *Id.* ¶ 16.

When Plaintiff returned to the nurse's station on January 18, 2020 to have the staples removed as advised, Nurse Rachel Wolfe allegedly only removed five of the seven staples. *Id.* ¶¶ 17-20. Plaintiff claims he inquired about the remaining two staples, but Nurse Wolfe told him she removed all staples from the wound. *Id.* ¶¶ 21-22. She also stated only five staples were present. *Id.* ¶¶ 22-23.

In the following weeks and months, Plaintiff claims he repeatedly inquired about the missing staples when the wound became swollen and painful and caused headaches. *Id.* ¶¶ 24-25. Approximately four months after the initial staple removal, a nurse ordered imaging and uncovered the missing two staples under Plaintiff's skin. *Id.* ¶¶ 26-27. At that time, Dr. Mark Morgan and Physician's Assistant Karin Parsons attempted to extract the staples but were only able to remove one. *Id.* ¶ 28. Plaintiff learned he would need surgery to remove the seventh staple because it had migrated too close to his eye. *Id.* ¶ 29. While awaiting surgery, Plaintiff claims he suffered from headaches and experienced fear and anxiety that he would lose his vision. *Id.* ¶ 33. According to Plaintiff, the providers at FMC-

Rochester did not attempt to track the location of the seventh staple while he awaited surgery. *Id.* ¶ 32. On April 16, 2021, fifteen months after the initial staple removal, Plaintiff had surgery at the Mayo Clinic to remove the seventh staple. *Id.* ¶¶ 29-30. Plaintiff alleges he was not informed of the reason for the delay in surgery. *Id.* ¶ 31.

Plaintiff claims the delay in removing the sixth and seventh staples caused past and future facial disfigurement, pain and irritation, emotional distress, and embarrassment. *Id.* ¶¶ 34-36, 47. The delayed staple removal also allegedly caused him to incur past and future medical expenses. *Id.* ¶ 46.

## II.    Procedural History

On June 20, 2023, Plaintiff sued the United States for medical malpractice under the Federal Tort Claims Act (FTCA) and Dr. Morgan, PA Parsons, and Nurse Wolfe for medical malpractice and Eighth Amendment violations under *Bivens*. Dkt. Nos. 1, 11. Relevant to the instant motions, Plaintiff claims the United States had a duty to provide competent medical care, breached that standard of care, and caused direct and proximate injuries through this breach, in violation of the FTCA. Specifically, Plaintiff alleges the United States, through its employees, was negligent in failing to:

1. verify the number of staples placed;
2. consult Plaintiff's medical records to verify the number of staples placed;
3. order imaging to locate the missing staples;
4. timely intervene to prevent the need for surgery to remove the missing staples; and
5. timely arrange and refer Plaintiff for surgery to remove the missing staples.

Dkt. No. 11 ¶ 44. As a "direct and proximate result" of such negligence, Plaintiff claims he has incurred past and future medical expenses and bodily harm, including pain, emotional distress, embarrassment, and disfigurement. *Id.* ¶¶ 46-47. Believing this negligence is

3

"within the knowledge of a layperson," Plaintiff asserted he did not need to provide the expert affidavits typically required by Minn. Stat. § 145.682. *Id.* ¶ 49 (citing *Fiorito v. United States*, No. 22-cv-2597, 2023 WL 4407486, at *2 (D. Minn. July 7, 2023)).

On March 22, 2024, the United States demanded that Plaintiff produce two affidavits pursuant to Minn. Stat. § 145.682: the first from Plaintiff stating his case has been reviewed by a qualified expert by May 21, 2024 (60 days after the formal demand), and the second from an expert identifying all testifying expert witnesses and the substance of their testimony by March 26, 2024 (180 days after the commencement of discovery). Dkt. No. 27-1. In its demand letter, the United States argued expert testimony is necessary to establish: "(1) the standards of care for the nurse who removed five of your staples in 2020 and for the doctor who reviewed the nurse's treatment note; (2) the breach of any applicable standard of care; and (3) a causal connection between the two staples you contend were not removed and the damages you allege in this case." *Id.*

After both affidavit deadlines passed, the United States moved for dismissal or summary judgment on the FTCA claim. Dkt. No. 25; Minn. Stat. § 145.682 ("Failure to comply . . . results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case."). Plaintiff opposed the motion, reiterating his belief that his case constitutes an exception to the affidavit requirement and arguing the Court must first determine whether affidavits are necessary to establish a prima facie case of negligence before dismissing his case pursuant to Minn. Stat. § 145.682. Dkt. No. 32. The United States replied that Plaintiff's allegations require expert testimony, particularly to prove each element of the FTCA claim against each provider. Dkt. No. 37. In response, Plaintiff requested a Court Order

4

clarifying whether expert testimony is required, and if so, an extension of time to obtain such testimony. Dkt. No. 42.

Because Plaintiff can make a prima facie case of malpractice for two of the five allegations supporting his FTCA claim without expert testimony, this Court would exempt Plaintiff from obtaining expert affidavits regarding those allegations and excuse Plaintiff's failure to obtain expert testimony for the remaining allegations. Therefore, the Court grants Plaintiff's request for an extension of time to obtain expert affidavits regarding the remaining three allegations and recommends denying the United States' motion for dismissal or summary judgment.

## ANALYSIS

The United States moves for dismissal or summary judgment on Plaintiff's FTCA claim for failure to provide the expert affidavits required by Minn. Stat. § 145.682. Without these affidavits, the United States argues, Plaintiff has failed to state a claim that "raise[s] a right to relief above the speculative level," as required by Federal Rule of Civil Procedure 12(b)(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor, Defendants argue, is there a "genuine dispute as to any material fact," pursuant to Federal Rule of Civil Procedure 56, because Plaintiff cannot make a prima facie case of negligence without the expert affidavits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Plaintiff does not deny that he has failed to produce the affidavits; rather, he claims they are unnecessary or that his failure to produce them is excusable.

To establish a prima facie case of medical malpractice for negligent medical treatment, Plaintiff must establish: "(1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct, (2) that the defendant in

5

fact departed from that standard, and (3) that the defendant's departure from the standard was a direct cause of the plaintiff's injuries." *Senty-Haugen v. Goodno*, 462 F.3d 876, 891 (8th Cir. 2006) (citation omitted). When expert testimony is necessary to establish a prima facie case of malpractice, a plaintiff must provide two affidavits. Minn. Stat. § 145.682, subdiv. 2. First, a plaintiff must provide an affidavit stating that a qualified expert has reviewed the plaintiff's case and believes "one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff." *Id.* § 145.682, subdiv. 3(1). A plaintiff should serve this affidavit with the summons and complaint, otherwise, within 60 days after the defendant demands it. *Id.* § 145.682, subdiv. 3(1), 6(a). Second, a plaintiff must provide an affidavit identifying all experts the plaintiff intends to call to testify and summarizing their opinions. *Id.* § 145.682, subdiv. 4. This affidavit must be served upon the defendant within 180 days after discovery commences. *Id.* § 145.682, subdiv. 2. Failure to timely serve either of these affidavits results in "mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." *Id.* § 145.682, subdiv. 6(a)-(b).

There are two exceptions to the affidavit requirement. *See Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012). First, a plaintiff need not provide affidavits if expert testimony is not needed to establish a prima facie case of malpractice, namely, "when the alleged negligent acts are within the general knowledge or experience of laypersons." *Mercer v. Andersen*, 715 N.W.2d 114, 122 (Minn. Ct. App. 2006). Courts have applied this exception where physicians failed to inform a patient that they were unable to remove a piece of wire from her ankle, *Bauer v. Friedland*, 394 N.W.2d 549, 554 (Minn. Ct. App. 1986); when a doctor left metal clips in the patient's body after surgery, *Fowler v.*

6

*Scheldrup*, 166 Minn. 164, 166 (1926); where a surgeon failed to remove gauze and a tube from a patient's abdominal cavity, *Baer v. Chowning*, 135 Minn. 453, 454 (1917); and when doctors failed to remove a sponge placed during surgery, *Walker v. Holbrook*, 130 Minn. 106, 111 (1915). Second, a Court may excuse a plaintiff's failure to produce necessary affidavits if the plaintiff's neglect is excusable, namely, if the plaintiff "(1) has a reasonable suit on the merits, (2) has a reasonable excuse for failure to comply with [the] time limit set forth by Minn. Stat. § 145.682, subd. 2, (3) acted with due diligence after receiving notice of the time limit, and (4) no substantial prejudice results to the defendant." *Anderson v. Rengachary*, 608 N.W.2d 843, 850 (Minn. 2000).

This Court finds expert affidavits only necessary for three of the five allegations supporting Plaintiff's FTCA claim and excuses his failure to produce them. Plaintiff alleges the United States, through its employees, was negligent in failing to:

1. verify the number of staples placed;
2. consult Plaintiff's medical records to verify the number of staples placed;
3. order imaging to locate the missing staples;
4. timely intervene to prevent the need for surgery to remove the missing staples; and
5. timely arrange and refer Plaintiff for surgery to remove the missing staples.

Plaintiff can establish a prima facie case of medical malpractice for (1) and (2) without expert testimony. Like a physician has a duty to remove metal clips from a patient's body or advise a patient about a metal wire in her ankle, a nurse has a duty to consult medical records and confirm the number of staples in a patient's forehead when removing those staples. *See Bauer*, 394 N.W.2d at 554; *Fowler*, 166 Minn. at 166. A jury can evaluate this alleged negligence using "practical common sense," without requiring expert testimony. *Miller v. Raaen,* 273 Minn. 109, 114 (1966); *see Tousignant v. St. Louis Cnty.*,

7

615 N.W.2d 53, 59-60 (Minn. 2000) (disregarding a doctor's referral form is a "clear and undisputed" breach of the standard of care that does not require expert testimony). Nor is expert testimony necessary to conclude that the alleged negligence caused injuries such as headaches. *See id.* Therefore, as to allegations (1) and (2), Plaintiff did not violate Minn. Stat. § 145.682 by failing to provide expert affidavits.

For the remaining three allegations, Plaintiff needs expert testimony to make a prima facie case of malpractice but meets the elements of excusable neglect. *See Anderson*, 608 N.W.2d at 850. First, Plaintiff has a reasonable suit on the merits. A reasonable jury could find medical providers negligent for failing to attempt to locate missing staples, failing to intervene for four months, or waiting fifteen months to perform surgery while Plaintiff repeatedly inquired about his injury. *See, e.g., Johnson–El v. Schoemehl*, 878 F.2d 1043, 1055 (8th Cir. 1989) ("Delay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature."). Second, Plaintiff's excuse for failing to obtain the affidavits is reasonable. Plaintiff believed, and was advised by pro bono counsel, that the facts of his case were within the common knowledge of the layperson. Dkt. No. 42. He was correct for two of the five allegations. Moreover, the Government's demand letter argued expert testimony was necessary to establish: "(1) the standards of care for the nurse who removed five of your staples in 2020 and for the doctor who reviewed the nurse's treatment note; (2) the breach of any applicable standard of care; and (3) a causal connection between the two staples you contend were not removed and the damages you allege in this case." Dkt. No. 27-1. Framed this way, Plaintiff reasonably believed he could establish all three without expert testimony, and he was correct in part. Third,

Plaintiff acted with due diligence after receiving notice of the affidavit requirement. Plaintiff maintained his position that affidavits were not required in his response to the Government's motion, but he also sought clarification from the Court and moved for an extension of time to obtain expert affidavits if the Court found them necessary. *See Chizmadia v. Smiley's Point Clinic,* 873 F.2d 1163, 1165 (8th Cir. 1989) (requiring the district court to determine whether expert testimony is necessary before granting summary judgment for failure to provide expert affidavits). Fourth and finally, allowing Plaintiff to maintain allegations (3)-(5) will not significantly prejudice the United States. The United States will already be defending against allegations (1) and (2). Moreover, Plaintiff brings the same allegations in his other causes of action against the individual defendants, who share counsel with the United States. Maintaining these three allegations as part of the FTCA claim will not significantly prejudice the United States.

Plaintiff's neglect in failing to provide expert affidavits is excusable and constitutes good cause to extend his time to obtain the necessary affidavits. *See* Minn. Stat. § 145.682, subdivision 4(b). The Court recommends the United States' motion for dismissal or summary judgment be denied.

### ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for an Extension of Time (Dkt. No. 42) is **GRANTED**.

2. Plaintiff shall provide expert affidavits as required by Minn. Stat. § 145.682 on or before October 14, 2024.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

The United States' Motion to Dismiss or for Summary Judgment (Dkt. No. 25) be **DENIED**.

Dated: July 17, 2024   　　　　s/David T. Schultz　　　
　　　　　　　　　　　　　　DAVID T. SCHULTZ
　　　　　　　　　　　　　　U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).