UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gary Mullins Jr., | Case No. 23-cv-1855 (JWB/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Dr. Mark Morgan, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* prisoner Plaintiff Gary Mullins Jr. sued the United States and several individuals employed by the Federal Bureau of Prisons alleging state law medical malpractice under the Federal Tort Claims Act (FTCA) and constitutional violations under *Bivens*. The individual Defendants, Dr. Mark Morgan, Physician's Assistant Karin Parsons, and Nurse Rachel Wolfe, move to dismiss Mullins's claim of deliberate indifference under the Eighth Amendment. For the reasons stated below, the Court recommends Defendants' motion be granted.

## FACTS[1]

Mullins injured himself falling out of his bunk at FMC-Rochester on January 11, 2020. Sec. Am. Compl. ¶ 12, Dkt. No. 11. That evening, a physician at FMC-Rochester

---

[1] The facts are drawn from the Second Amended Complaint and accepted as true. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). Defendants also submit hundreds of pages of medical records to support their motion. *See* Dkt. Nos. 58, 59. When deciding a motion to dismiss, "the court generally must ignore materials outside the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Although documents "necessarily embraced by the complaint" are not matters outside the pleadings, *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017), the medical records here are not sufficiently embraced by the Second Amended Complaint to be

placed seven staples in Mullins's forehead, closing a wound above his left eye. *Id.* ¶¶ 13–15. This number of staples was documented in his medical records. *Id.* ¶ 16.

When Mullins returned to the nurse's station on January 18, 2020, to have the staples removed as advised, Nurse Wolfe told him she removed all staples from the wound. *Id.* ¶¶ 21–22. She also stated only five staples were present. *Id.* ¶¶ 22–23.

In the following weeks and months, Mullins repeatedly inquired about the missing staples when the wound became swollen and painful and caused headaches. *Id*. ¶¶ 24-25. Approximately four months after the initial staple removal, a nurse ordered imaging and uncovered the missing two staples under Mullins's skin. *Id*. ¶¶ 26-27. At that time, Dr. Morgan and P.A. Parsons attempted to extract the staples but were only able to remove one. *Id*. ¶ 28. Mullins learned he would need surgery to remove the seventh staple because it had migrated too close to his eye. *Id*. ¶ 29. While awaiting surgery, Mullins claims he suffered from headaches and experienced fear and anxiety that he would lose his vision. *Id*. ¶ 33. The providers at FMC-Rochester did not attempt to track the location of the seventh staple while he awaited surgery. *Id*. ¶ 32. On April 16, 2021, fifteen months after the initial staple removal, Mullins had surgery at the Mayo Clinic to remove the seventh staple. *Id*. ¶¶ 29-30. Mullins was not informed of the reason for the delay in surgery. *Id*. ¶ 31.

Mullins claims the delay in removing the sixth and seventh staples caused past and future facial disfigurement, pain and irritation, emotional distress, and

---

considered at this early juncture. *See, e.g.*, *Hovind v. Bristol Place Corp.*, No. 08-cv-59, 2008 WL 4717476, at *5 (D. Minn. Oct. 24, 2008) (concluding that medical records were not necessarily embraced by the pleadings). Nor does the Court recommend converting Defendants' motion to dismiss into a motion for summary judgment by considering documents outside the pleadings.

embarrassment. *Id.* ¶¶ 34-36, 47. The delayed staple removal also allegedly caused him to incur past and future medical expenses. *Id.* ¶ 46.

Mullins filed the operative Second Amended Complaint in September 2023. Sec. Am. Compl. Count I is an FTCA claim brought against the United States of America. *Id.* ¶¶ 37–49. Count II is a *Bivens* claim against Dr. Morgan, P.A. Parsons, and Nurse Wolfe. *Id.* ¶¶ 50–58. In Count II, Mullins alleges those individual Defendants deliberately disregarded his serious medical needs in violation of the Eighth Amendment. *Id.* ¶ 54. Although Mullins's Second Amended Complaint originally included a Count III, alleging medical malpractice under Minnesota law, *id.* ¶¶ 59–64, he later voluntarily dismissed that claim, *see* Dkt. Nos. 45, 66.

## ANALYSIS

### I.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)*.* Although a *pro se* complaint is liberally construed, it must still contain specific facts sufficient to support its legal conclusions. *See Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981). Thus, while a court accords deference to *pro se* pleadings, it will not assume facts that might support the plaintiff's claim that the *pro se* plaintiff does not allege. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

## II. Deliberate Indifference

Dr. Morgan, P.A. Parsons, and Nurse Wolfe, move to dismiss Mullins's deliberate indifference claim for failure to state a claim. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has found that prison officials violate the Eighth Amendment's prohibition of cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must plausibly allege "(1) an objectively serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it." *East v. Minnehaha Cnty.*, 986 F.3d 816, 820 (8th Cir. 2021) (quoting *Jones v. Minn. Dep't. of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008)). An objectively serious medical need "must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). "Deliberate indifference requires more than negligence and is 'akin to criminal recklessness.'" *Jenkins v. United States*, No. 23-cv-3253, 2024 WL 913342, at *4 (D. Minn. Mar. 4, 2024) (quoting *Smith v. United States*, No. 13-3277, 2015 WL 278252, at *12 (D. Minn. Jan. 22, 2015)); *see also Minnehaha Cnty.*, 986 F.3d at 821.

### A. Nurse Wolfe

Mullins alleges that Nurse Wolfe attended Mullins on January 18, 2020, removing five of the seven staples in his head. Even assuming that removal of the remaining two staples was a serious medical need, Mullins fails to allege that Nurse Wolfe actually knew of the two remaining staples. To the contrary, Mullins alleges that Nurse Wolfe "informed

[him] she had removed all staples from his wound." Sec. Am. Compl. ¶ 21; *see also id.* ¶ 22 ("Nurse Wolfe stated that only five staples were present."). This is consistent with other allegations in the Second Amended Complaint, such as Mullins's claim that Bureau of Prisons medical staff failed to provide competent medical care by "failing to verify the number of staples placed" and "failing to consult Mr. Mullins's medical records for that information." *Id.* ¶ 43. Without factual allegations sufficient to plausibly allege Nurse Wolfe knew of the two remaining staples—the alleged serious medical need—Mullins fails to state a claim for deliberate indifference claim against Nurse Wolfe. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006) ("Deliberate indifference requires a showing that the medical provider knew of and disregarded a serious medical need."). Alleging that Nurse Wolfe was careless or negligent by failing to verify the number of staples removed does not pass muster. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Mere negligence or medical malpractice . . . are insufficient to rise to a constitutional violation."). Therefore, the Court recommends that Count II be dismissed against Nurse Wolfe without prejudice.[2]

### B.     P.A. Parsons

The same result follows for Mullins's deliberate indifference claim against P.A. Parsons. The only factual allegation regarding P.A. Parsons in the Second Amended Complaint is that she helped Dr. Morgan retrieve one of the two remaining staples. Sec.

---

[2] Although Mullins offers additional facts in his response, *see, e.g.*, Pl.'s Resp. at 13, Dkt. No. 77 ("Later, R.N. Wolfe reviewed Mr. Mullins medical notes."), these facts are not considered because Mullins's "inclusion of such additional detail in his response to the motion to dismiss does not technically amend the complaint." *Mack v. Equifax Info. Servs. LLC*, No. 20-cv-557, 2020 WL 3052091, at *3 (D. Minn. May 11, 2020), *R. & R. adopted by* No. 2020 WL 3048017 (D. Minn. June 8, 2020).

Am. Compl. ¶ 28. Although Mullins alleges that his surgery to remove the seventh staple was delayed 15 months, *id.* ¶ 30, he does not plausibly allege that any of this delay was attributable to P.A. Parsons. He does not allege, for example, that P.A. Parsons was responsible for scheduling the follow-up appointment. Nor does he allege she knew of the delay. Absent some additional factual content describing a connection between P.A. Parsons and the 15-month delay, concluding that P.A. Parsons was deliberately indifferent to Mullins's need to remove the seventh staple would be speculative (again, assuming that removal of the seventh staple was an objectively serious medical need). Accordingly, Mullins fails to plausibly allege an Eighth Amendment claim against P.A. Parsons. *See Cannon v. Dehner*, 112 F.4th 580, 589–90 (8th Cir. 2024) (noting "no evidence that [the plaintiff] had any further contact with [the nurse] regarding the injured wrist, or any involvement in the subsequent alleged treatment inadequacies and delays"); *Kenyon v. Dooley*, 605 F. App'x 581, 582 (8th Cir. 2015) (per curiam) ("[N]othing in the record shows that any individual defendant was responsible for the alleged delays after surgery."); *Jenkins v. United States*, No. 23-cv-3253, 2024 WL 913342, at *4 (D. Minn. Mar. 4, 2024) ("[Plaintiff] also needed to plead that specific Defendants knew about her condition and deliberately disregarded her needs, which she failed to do."); *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011) ("Deliberate indifference must be measured by the official's knowledge at the time in question."). Therefore, the Court recommends that Count II be dismissed against P.A. Parsons without prejudice.[3]

---

[3] Mullins's additional facts regarding P.A. Parsons are likewise not considered.

**C.   Dr. Morgan**

Mullins voluntarily moved to dismiss his deliberate indifference claim against Dr. Morgan, although his motion does not identify whether he is requesting dismissal with or without prejudice. Dkt. Nos. 76, 80. Dr. Morgan agrees the Court should dismiss Count II against him, but requests the claim be dismissed with prejudice. Defs.' Reply at 1 n.1, Dkt. No. 78. Mullins has not responded to Dr. Morgan's request. *See generally* Docket. When Mullins previously moved to dismiss Count III, he requested "that this Court dismiss Count Three of this lawsuit without prejudice." Pl.'s Mot. to Dismiss Count Three Without Prejudice, Dkt. No. 45. This suggests that Mullins could have, but did not, request Count II be dismissed without prejudice. Considering the absence of an objection to with-prejudice dismissal in conjunction with Mullins's previous request for without-prejudice dismissal, the Court recommends that Count II be dismissed against Dr. Morgan with prejudice.[4]

### RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that:

1.   Defendants' Motion to Dismiss (Dkt. No. 53) be GRANTED;

2.   Plaintiff's Motions to Dismiss Dr. Morgan from Count II (Dkt. Nos. 76, 80) be GRANTED;

3.   Plaintiff's claim of deliberate indifference against Defendants Karin Parsons and Nurse Rachel Wolfe be DISMISSED without prejudice; and

---

[4] Although Dr. Morgan moved to dismiss under Rules 12(b)(1) and 12(b)(6), his motion is mooted by Mullins's voluntary motion to dismiss.

4.   Plaintiff's claim of deliberate indifference against Defendant Mark Morgan be DISMISSED with prejudice.

Dated: December 30, 2024                     ____s/David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).